# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **CHRISTOPHER DEAN HUBBARD,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:21CV00508 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **COURT & LEGAL DEPARTMENT,** ) | JUDGE JAMES P. JONES |
| **ET AL.,** ) | |
| Defendants. ) | |
| ) | |

*Christopher Dean Hubbard, Pro Se Plaintiff.*

Christopher Dean Hubbard, a Virginia inmate proceeding pro se, has filed a pleading, using a form designed for bringing a civil rights action under 42 U.S.C. § 1983.  He alleges that Virginia Department of Corrections ("VDOC") officials have miscalculated the length of his jail time.  After review of the record, I conclude that the Complaint must be construed as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 and summarily dismissed without prejudice for failure to exhaust available state court remedies.

Hubbard's factual allegations are sparce.  Liberally construing his Complaint, he states that the sentencing judge directed that Hubbard should receive credit against his jail term for time he served from March 16 to July 22, 2020.  Hubbard believes that if this credit were applied toward his 13-month sentence, his term of

confinement should have ended on October 1, 2021. Jail officials have told him that the VDOC Court and Legal Department (or Section) is responsible for calculating the length of his confinement on his sentence, so he names that department as the defendant.[1] As relief, Hubbard seeks his release from jail and compensation for any time he has served past the end of his sentence.

"Section 1983 of Title 42 creates a cause of action against any person who, acting under color of state law, abridges a right arising under the Constitution or laws of the United States." *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). When an inmate seeks to challenge the fact or duration of his detention based on federal constitutional grounds, however, a civil rights complaint under § 1983 is not the proper legal remedy. *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). An inmate may raise such challenges only by filing a petition for a writ of habeas corpus, after first exhausting available state court remedies. *Id.*; *see also* 28 U.S.C. § 2254(b) (regarding exhaustion requirement).

A district court is not constrained by a pro se litigant's title of his pleading and may liberally construe a pleading styled as a civil rights complaint as a habeas petition under § 2254 instead. *Hamlin v. Warren*, 664 F.2d 29, 30 (4th Cir. 1981). To determine whether an action is properly considered a habeas corpus petition,

---

[1] The court received two separate § 1983 complaints from Hubbard, but filed them as one civil action because they both raised the same claim against essentially the same defendant.

rather than a civil rights complaint under § 1983, a court must consider whether the core of the litigant's claim concerns the fact and/or duration of the litigant's confinement. *Preiser*, 411 U.S. at 500.

As stated, Hubbard claims that in calculating the duration of his detention, the defendant is not counting days of jail time he previously served for which the judge said he should receive credit. Because Hubbard is clearly contesting the length of his confinement at the jail, his claims are not cognizable under § 1983. *Id.* Rather, the appropriate federal cause of action in which to pursue such relief is a habeas corpus petition under 28 U.S.C. § 2254. Therefore, I conclude that Hubbard's pleading is appropriately construed as a Petition for a Writ of Habeas Corpus under § 2254.

A federal court cannot grant habeas relief under § 2254 unless the petitioner has exhausted the remedies available in the courts of the state in which the petitioner was convicted. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). A Virginia inmate challenging the calculation of his term of confinement may do so by filing a petition for a writ of habeas corpus in the circuit court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. Va. Code Ann. §§ 8.01-654(A)(1), 17.1-406(B). In the alternative, he can file a state habeas petition directly with the Supreme Court of Virginia. Va. Code Ann. § 8.01-654(A)(1). Whichever route he follows in exhausting state court remedies, Hubbard must

ultimately present his claim to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider the claim in a § 2254 petition. If the petitioner clearly has available state court remedies, the federal court must dismiss the § 2254 petition to allow him to pursue those state court remedies. *Slayton v. Smith*, 404 U.S. 53, 54 (1971).

Hubbard's submissions do not indicate that he has presented his sentence calculation claim to any state court. Similarly, state court records available online do not indicate that he has filed a state habeas petition or a habeas appeal with the Supreme Court of Virginia. Because Hubbard clearly has not yet exhausted available state court remedies, I conclude that I must summarily dismiss his § 2254 petition without prejudice to allow him to pursue his claims first in state court.[2] Dismissal without prejudice leaves Hubbard free to refile his claims in a later § 2254 petition if he so desires after receiving a ruling from the Supreme Court of Virginia.

A separate Final Order will be entered herewith.

DATED:   October 18, 2021

/s/  James P. Jones
Senior United States District Judge

---

[2] In addition to release from jail, Hubbard seeks monetary damages for overserving his sentence. Success on such a claim would necessarily imply the invalidity of his length of confinement. Therefore, Hubbard is barred from pursuing a damages claim, unless he first shows that the term of confinement has been officially ruled invalid, such as through a state habeas petition. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Because Hubbard provides no such proof, the court will dismiss his current claims for monetary damages without prejudice.